UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MELINDA AVILA; GRETEL LORENZO; ALFREDO LORENZO; and JOSE LORENZO, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA; COUNTY OF MADERA; RICHARD GONZALES; PAUL VARNER, and DOES 3 through 100, inclusive, <br><br> Defendants. | No.  1:15-cv-00996-JAM-EPG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MADERA COUNTY'S MOTION TO DISMISS** |
|---|---|

The County of Madera ("the County"), one of the four remaining defendants in this case, moves to dismiss Plaintiffs' fourth and fifth causes of action (Doc. #24).  Plaintiffs Melinda Avila ("Melinda"), Gretel Lorenzo ("Gretel"), Alfredo Lorenzo ("Alfredo"), and Jose Lorenzo ("Jose") (collectively "Plaintiffs") oppose the motion (Doc. #25).  For the reasons set forth below, the Court grants in part and denies in part the County's motion to dismiss.

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The following facts, alleged by Plaintiffs, are assumed to be true for purposes of this motion.  The conduct underlying

1

Plaintiffs' claims occurred on the night of June 1, 2013, and carried on into the next morning. TAC ¶¶ 19-23. During this time period, an altercation occurred within the Chukchansi Gold Resort and Casino ("the Casino"), which led to Plaintiffs deciding to leave the Casino. Id. ¶ 20-21. While Plaintiffs were waiting outside the Casino, defendants Deputy Sheriff Richard Gonzales ("Gonzales"), Sergeant Guy Rich ("Rich"), CHP Officer Paul Varner ("Varner") and other law enforcement officers arrived and approached the Plaintiffs. Id. ¶ 22. The officers were questioning the Plaintiffs when, "in a concerted action," Rich arrested Jose, and Gonzales and Varner grabbed Alfredo, forced him to the ground, and handcuffed him. Id. Gretel protested to the officers that Alfredo had done nothing wrong, and Gonzales "forcefully shoved" her backwards. Id. The force caused Gretel to collide with Melinda, which then caused Melinda to fall to the ground. Id. Melinda struck her head on the ground and shattered her hip. Id. One of the officers then pinned Melinda down. Id. Melinda went to the hospital via ambulance. Id. ¶¶ 22-23. The County's sheriffs handcuffed Jose, Gretel, and Alfredo and took them to the County jail. Id. ¶ 23. The County filed charges against Jose, Gretel, and Alfredo, but later dropped the charges. Id.

Plaintiffs filed their initial complaint in Madera County Superior Court (Doc. #1-1). Defendants removed the case to federal court (Doc. #1) after Plaintiffs stated federal causes of action in their Second Amended Complaint ("SAC"). Multiple defendants moved to dismiss Plaintiffs' SAC (Doc. #11). The Court dismissed all claims against Rich with prejudice, so Rich

2

is no longer a defendant in this case.  10/14/15 Order at 21.
The Court granted Plaintiffs leave to amend their fourth and
fifth causes of action.  Id. at 14, 23.  Plaintiffs filed a TAC
(Doc. #22) which states five causes of action: (1) violation of
California Civil Code § 52.1; (2) false arrest/imprisonment;
(3) reckless infliction of emotional distress; (4) negligent
training and supervision; and (5) violation of federal
constitutional rights pursuant to 42 U.S.C. § 1983.  TAC at 6-18.

## II.   OPINION

### A.   Fourth Cause of Action

Plaintiffs' fourth cause of action is for negligent training and supervision.  TAC at 13.  Plaintiffs plead two theories of how Anderson breached his duty to properly supervise and train his officers.  First, Plaintiffs allege that the County had a policy of "isolating and immobilizing the person . . . who was . . . the greatest threat without regard to whether that person" behaved threateningly and that Anderson approved of the policy.  Compl. ¶ 53.  Alternatively, Plaintiffs allege that Anderson knew that his subordinate officers' were immobilizing the most physically threatening person and "did nothing to train [them] not to assault individuals who had provided no legal basis for their arrest."  Id.  As discussed in greater detail below, the County addresses only Plaintiffs' first theory in its motion to dismiss and wholly ignores Plaintiffs' alternate theory.

To state a claim for negligent training and supervision under California law, "a plaintiff must [plead] the traditional

elements of actionable negligence, including duty, breach, and causation." Corser v. Cty. of Merced, 2009 WL 174144, at *25 (E.D. Cal. Jan. 26, 2009) (citing Thompson v. Sacramento City Unified Sch. Dist., 107 Cal.App.4th 1352, 1372 (2003)). As discussed in the Court's 10/14/15 order, public entities cannot be held directly liable for negligence claims. See 10/14/15 Order at 12. Public entities can, however, be held vicariously liable for the conduct of an employee when such conduct occurs within the scope of employment and the employee is not immune from liability. See Cal. Gov't Code § 815.2.

### 1. Liability Under Plaintiffs' First Theory: Anderson Approved the Policy

The County argues that Plaintiffs' negligence claim should be dismissed because Anderson's decision to approve the policy is immune from liability under California Government Code sections 815.2(b) and 820.2. Mot. at 5. Section 815.2(b) states that "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." Cal. Gov't Code § 815.2(b). Section 820.2 states that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. Immunity under § 820.2—often called "discretionary act immunity"—extends to "basic governmental policy decisions entrusted to broad official judgment." Harmston v. City & Cty. of San Francisco, 2007 WL 2814596, at *3 (N.D. Cal. 2007) (citing Caldwell v. Montoya, 10 Cal. 4th 972,

976 (1995)). "To determine which acts are discretionary, California courts do not look at the literal meaning of 'discretionary,' because almost all acts involve some choice between alternatives." Olvera v. Cty. of Sacramento, 932 F. Supp. 2d 1123, 1175 (E.D. Cal. 2013) (quoting Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998)) (internal quotation marks omitted). "Rather, immunity protects basic policy decisions, but does not protect operational or ministerial decisions that merely implement a basic policy decision." Id. (internal quotation marks omitted).

Plaintiffs respond to the County's contention of immunity with two arguments, both of which fail. First, Plaintiffs argue that section 820.4, not section 820.2, applies to Anderson. Opp. at 7. Section 820.4 states that a law enforcement officer is not entitled to immunity for "false arrest or false imprisonment." Cal. Gov't Code § 820.4. As the County correctly notes in its reply, section 820.4 does not apply to Plaintiffs' negligence claim. Section 820.4 applies only to the false imprisonment and false arrest claims, which the County has not moved to dismiss.

Secondly, Plaintiffs argue that the County had a "mandatory duty" to supervise and train police officers. Opp. at 6-7. This argument is irrelevant because the County does not argue that it had no duty. Instead, the County argues that Anderson's alleged breach was immune from liability.

Thus, the issue under Plaintiffs' first theory is whether Anderson's alleged knowledge and approval of the policy is a "basic governmental policy decision" or an "operational or

5

ministerial decision[] that merely implement[s] a basic policy decision." See Olvera, 932 F. Supp. 2d at 1175.  Plaintiffs allege that Anderson "is responsible for the operations of the Madera County Sheriff's Department, including the . . . training of . . . law enforcement."  Compl. ¶ 51.  The County contends that Anderson's alleged approval of a policy is a "basic policy decision" and is therefore immune.  Mot. at 5.

Taking everything in Plaintiffs' complaint as true, as the person in charge of the County sheriff department's operations, Anderson had the discretion to decide whether to approve of the alleged policy.  According to the complaint, Anderson did more than "merely implement" a policy decision, rather, Anderson *approved* the alleged policy.  TAC ¶ 53.  Thus, Anderson's alleged approval of training consistent with the policy is entitled to immunity under section 820.2.  Plaintiffs' fourth cause of action is dismissed to the extent that it relies on the theory that Sheriff Anderson knew of the policy and approved of it.

   2. Liability Under Plaintiffs' Second Theory: Anderson Knew of His Subordinates' Actions and Did Nothing to Change Such Actions

The County does not address Plaintiffs' second theory of liability in its motion to dismiss or in its reply.  Since the County does not challenge Plaintiffs' fourth cause of action based on Plaintiffs' alternative theory of liability, Plaintiffs can proceed on this claim to the extent that it relies on the theory that Anderson failed to do anything to ensure that his subordinates engaged in proper practices when arresting individuals.

### B. Fifth Cause of Action

In their fifth cause of action, Plaintiffs bring § 1983 claims against the County. TAC at 16. A county may be liable under § 1983 when (1) a plaintiff was deprived of a constitutional right, (2) the county had a policy, (3) the policy amounted to a deliberate indifference to the constitutional right, and (4) the policy was the "moving force" behind the constitutional violation. Mann v. Cty. of San Diego, 2015 WL 7458613, at *5 (S.D. Cal. Nov. 23, 2015). Under the "moving force" prong, a court should determine whether there is "direct causal link" between the alleged policy and the constitutional deprivation. Id. at *15. The plaintiff must "show both causation-in-fact and proximate causation." Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1096 (9th Cir. 2013). "[I]n a § 1983 action, a superseding intervening cause that is reasonably foreseeable will not relieve a defendant of liability, but an unforeseen and abnormal intervention will break the chain of proximate causation." Estate of Lopez ex rel. Lopez v. Torres, 105 F. Supp. 3d 1148, 1158 (S.D. Cal. 2015) (internal quotation marks omitted).

The County moves to dismiss the fifth cause of action as brought by plaintiffs Jose, Gretel, and Melinda because none of those plaintiffs "are alleged to have been subjected to the alleged policy" of neutralizing the most physically threatening person in a group. Mot. at 7. The County argues that the alleged policy was not the "moving force" behind Jose's arrest and Gretel's and Melinda's alleged injuries. Mot. at 7. Plaintiffs argue that without the policy, "there would have been

7

no assault on Alfredo, Gretel would not have been shoved into Melinda . . ., and Jose would not have been arrested." Opp. at 10.

According to the complaint, Rich arrested Jose at the same time Gonzalez and Varner forced Alfredo to the ground. Compl. ¶ 22. Plaintiffs do not provide any allegations to establish that Gonzalez and Varner's taking Alfredo to the ground caused Rich to arrest Jose. Plaintiffs have failed to show that the alleged policy was the "moving force" behind Jose's arrest. Plaintiffs have already been given multiple opportunities to properly plead this claim and any further attempts would be futile. As such, Jose's § 1983 claim is dismissed with prejudice.

As to Gretel and Melinda, the County argues in its reply that "Gretel's own act of 'protesting' . . . the arrest of Alfredo was an intervening cause" of both Gretel's and Melinda's injuries. Reply at 5. Taking Plaintiffs' allegations as true, it is plausible that Gretel's act of protesting her family member's arrest was foreseeable, and therefore not a superseding cause that cuts off the County's liability. As such, the County's motion to dismiss Melinda and Gretel's § 1983 claims is denied.

### III.  ORDER

For the reasons set forth above, Plaintiffs' fourth cause of action is dismissed to the extent that it relies on the theory that Anderson knew of and approved the alleged policy. The Court DENIES the motion to dismiss Plaintiffs' fourth cause of action

to the extent that Plaintiffs rely on the theory that Sheriff Anderson knew that officers were making illegal arrests but did nothing change the practice.  The Court grants the County's motion to dismiss Jose's § 1983 claim without leave to amend. The Court denies the County's motion to dismiss Gretel and Melinda's § 1983 claims.  The County's answer to the TAC must be filed within twenty days of the date of this order.

IT IS SO ORDERED.

Dated: February 22, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE