1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MELINDA AVILA, et al.,

11                                                1:15‑cv‑996 JAM EPG

                     Plaintiffs,
12

13        v.                                      STATUS (Pre‑trial
                                                  Scheduling) ORDER
14   STATE OF CALIFORNIA, et al.,

15                     Defendants.
     _____/
16

17        After review of the Joint Status Report, the court makes the following order:

18                            SERVICE OF PROCESS

19        All parties defendant to this lawsuit have been served and no further service will be

20   permitted except with leave of court, good cause having been shown.

21              JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

22        No further joinder of parties or amendments to pleadings is permitted except with leave

23   of court, good cause having been shown.

24

25
                                           1
26

1  JURISDICTION AND VENUE

2  Jurisdiction and venue are not contested.

3  FICTITIOUSLY-NAMED DEFENDANTS

4  This action, including any counterclaims, cross-claims, and third party complaints is

5  hereby DISMISSED as to all DOE or other fictitiously-named defendants.

6  MOTION HEARINGS SCHEDULES

7  All dispositive motions shall be filed by **May 23, 2017.**   Hearing on such motions shall

8  be on **June 20, 2017 at 1:30 p.m.**

9  **The parties are reminded of the notice requirements as outlined in Local Rule 230(b).**

10  The time deadline for dispositive motions does not apply to motions for continuances,

11  temporary restraining orders or other emergency applications.

12  All purely legal issues are to be resolved by timely pre-trial motions.   The parties are

13  reminded that motions in limine are procedural devices designed to address the admissibility

14  of evidence and are cautioned that the court will look with disfavor upon substantive motions

15  presented at the final pre-trial conference or at trial in the guise of motions in limine.   The parties

16  are further cautioned that if any legal issue which should have been tendered to the court by

17  proper pre-trial motion requires resolution by the court after the established law and motion

18  cut-off date, substantial sanctions may be assessed for the failure to file the appropriate pre-trial

19  motion.

20  Unless prior permission has been granted, memoranda of law in support of and in

21  opposition to motions under Federal Rule of Civil Procedure 56 and 65 and any post–judgment

22  or post–trial motions are limited to twenty-five (25) pages, and reply memoranda are limited
     to ten (10) pages. Memoranda of law in support of and in opposition to all other motions are

23  limited to fifteen (15) pages, and reply memoranda are limited to five (5) pages. The parties

24  are also cautioned against filing multiple briefs to circumvent this rule.

25

26  2

1   A violation of this Order will result in monetary sanctions being imposed against counsel in the

2   amount of $50.00 per page and the Court will not consider any arguments made past the page

3   limit.

4           Documentary evidence submitted in support of or in opposition to a motion must be
    separately

5   bound or placed in a binder, and exhibits must be separated with labeled tabs that extend beyond

6   the edge of the page. An Index of exhibits must also be included.

7           At least 28 days before the dispositive motions filing deadline, the parties must meet and

8   confer to determine whether they intend to file cross motions for summary judgment.   If the

9   parties do intend to file cross motions, the plaintiff must file the opening brief for summary

10  judgment at least 14 days before the dispositive motions filing deadline.   The plaintiff's

11  concurrently-filed notice of motion shall indicate the parties' intention to file cross motions and

12  shall notice a hearing date at least 42 days from the date of filing.   The briefing schedule will

13  be as follows.   Only four briefs shall be filed:

14

15          (1) Plaintiff's opening brief (25 pages maximum), along with any other documents

16          required or permitted under Local Rule 260, shall be filed at least 14 days before the

17          dispositive motions filing deadline;

18          (2) Defendant's opposition and cross motion for summary judgment (35 pages

19          maximum) shall be filed at least 28 days before the hearing;

20          (3) Plaintiff's reply and opposition (20 pages maximum) shall be filed at least 14 days

21          before the hearing;

22          (4) Defendant's reply (10 pages maximum) shall be filed at least 7 days before the

23          hearing.

24

25

26                                                  3

1   These are the only four briefs that may be filed, even if the parties move for summary judgment

2   on more than one complaint (e.g., motions on a complaint and a counterclaim).   The parties

3   must obtain permission from the Court to exceed the stated page limitations.   The parties are

4   reminded that they may not file a reply to a Response of the Statement of Undisputed Facts.

5   Parties are advised to carefully read Local Rule 260, which permits an opposing party to file

6   only (1) a Statement of Disputed Facts and (2) a Response to the Statement of Undisputed

7   Facts (with the moving party's Statement of Undisputed Facts reproduced and then admitted

8   or denied, with citations).    If the parties do not comply with this procedure and schedule for

9   filing cross motions for summary judgment, but nonetheless file cross motions, the Court will

10  deny both motions without prejudice and may impose sanctions.

11
                                    DISCOVERY
12

13      All discovery shall be completed by **April 14, 2017**.   In this context, "completed" means

14  that all discovery shall have been conducted so that all depositions have been taken and any

15  disputes relative to discovery shall have been resolved by appropriate order if necessary and,

16  where discovery has been ordered, the order has been complied with.

17                      DISCLOSURE OF EXPERT WITNESSES

18      The parties shall make expert witness disclosures under Fed. R. Civ. P. 26(a)(2) by

19  **February 17, 2017.** Supplemental disclosure and disclosure of any rebuttal experts under

20  Fed. R. Civ. P. 26(a)(2)(c) shall be made by **March 17, 2017.**

21      Failure of a party to comply with the disclosure schedule as set forth above in all likelihood

22  will preclude that party from calling the expert witness at the time of trial absent a showing that

23  the necessity for the witness could not have been reasonably anticipated at the time the

24  disclosures were ordered and that the failure to make timely disclosure did not prejudice any

25
                                        4
26

1   other party.  See Fed. R. Civ. P. 37(c).

2         All experts designated are to be fully prepared at the time of designation to render an

3   informed opinion, and give their reasons therefore, so that they will be able to give full and

4   complete testimony at any deposition taken by the opposing parties.  Experts will not be

5   permitted to testify at the trial as to any information gathered or evaluated, or opinion formed,

6   after deposition taken subsequent to designation.

7                   JOINT MID-LITIGATION STATEMENTS

8         Not later than fourteen (14) days prior to the close of discovery, the parties shall file with

9   the court a brief joint statement summarizing all law and motion practice heard by the court as

10   of the date of the filing of the statement, whether the court has disposed of the motion at the

11   time the statement is filed and served, and the likelihood that any further motions will be noticed

12   prior to the close of law and motion.  The filing of this statement shall not relieve the parties

13   or counsel of their obligation to timely notice all appropriate motions as set forth above.

14                   FINAL PRE-TRIAL CONFERENCE

15         The final pre-trial conference is set for **August 4, 2017 at 11:00 a.m.**  In each instance

16   an attorney who will try the case for a given party shall attend the final pretrial conference on

17   behalf of that party; provided, however, that if by reason of illness or other unavoidable cir-

18   cumstance the trial attorney is unable to attend, the attorney who attends in place of the trial

19   attorney shall have equal familiarity with the case and equal authorization to make commitments

20   on behalf of the client.  All pro se parties must attend the pre-trial conference.

21         Counsel for all parties and all pro se parties are to be fully prepared for trial at the time

22   of the pre-trial conference, with no matters remaining to be accomplished except production of

23   witnesses for oral testimony.  The parties shall file with the court, no later than seven days prior

24   to the final pre-trial conference, a joint pre-trial statement.

25

26

1 <u>Also at the time of filing the Joint Pretrial Statement, counsel</u>

2 <u>are requested to e-mail the Joint Pretrial Statement and any attachments in</u>

3 <u>Word format to Judge Mendez's assistant, Jane Klingelhoets</u>

4 <u>at: jklingelhoets@caed.uscourts.gov.</u>

5        Where the parties are unable to agree as to what legal or factual issues are properly before

6 the court for trial, they should nevertheless list all issues asserted by any of the parties and

7 indicate by appropriate footnotes the disputes concerning such issues.   The provisions of Local

8 Rule 281 shall, however, apply with respect to the matters to be included in the joint pre-trial

9 statement.   Failure to comply with Local Rule 281, as modified herein, may be grounds for

10 sanctions.

11        The parties are reminded that pursuant to Local Rule 281(b)(10) and (11) they are

12 required to list in the final pre-trial statement all witnesses and exhibits they propose to offer

13 at trial, no matter for what purpose.   These lists shall not be contained in the body of the final

14 pre-trial statement itself, but shall be attached as separate documents so that the court may

15 attach them as an addendum to the final pre-trial order.   The final pre-trial order will contain

16 a stringent standard for the offering at trial of witnesses and exhibits not listed in the final pre-trial

17 order, and the parties are cautioned that the standard will be strictly applied.   On the other hand,

18 the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse

19 of the court's processes.

20        The parties are also reminded that pursuant to Rule 16, Fed. R. Civ. P., it will be their

21 duty at the final pre-trial conference to aid the court in: (a) formulation and simplification of issues

22 and the elimination of frivolous claims or defenses; (b) settling of facts which should properly

23 be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.   Counsel

24 must cooperatively prepare the joint pre-trial statement and participate in good faith at the final

25

26

1    pre-trial conference with these aims in mind.   A failure to do so may result in the imposition

2    of sanctions which may include monetary sanctions, orders precluding proof, elimination of

3    claims or defenses, or such other sanctions as the court deems appropriate.

4    TRIAL SETTING

5        Jury trial in this matter is set for **September 11, 2017 at 9:00 a.m.**   The parties estimate

6    a trial length of approximately 7 days.

7    SETTLEMENT CONFERENCE

8        No Settlement Conference is currently scheduled.   If the parties wish to have a

9    settlement conference, one will be scheduled at the final pretrial conference or at an earlier time

10    upon request of the parties.

11    OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

12        This Status Order will become final without further Order of Court unless objection is

13    lodged within seven (7) days of the date of the filing of this Order.

14        IT IS SO ORDERED.

15    Dated:   April 7, 2016

16                /s/ John A. Mendez
                          _____

17                JOHN A. MENDEZ
               United States District Court Judge

18

19

20

21

22

23

24

25

26

7