UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA AVILA; GRETEL LORENZO; ALFREDO LORENZO; and JOSE LORENZO,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>STATE OF CALIFORNIA; COUNTY OF MADERA; RICHARD GONZALES; PAUL VARNER, and DOES 3 through 100, inclusive,<br><br>　　　　　Defendants. | No. 1:15-cv-00996-JAM-EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS GONZALES AND MADERA COUNTY'S MOTION FOR SUMMARY JUDGMENT AS TO JOSE LORENZO** |

　　The Court held a hearing on the summary judgment motion brought by the County of Madera ("the County") and Deputy Richard Gonzales ("Gonzales") (collectively, "County Defendants") on June 20, 2017.  ECF No. 78.  The Court asked the parties to further brief whether the Court should grant summary judgment in favor of the County Defendants on Jose Lorenzo's ("Jose") claims.  Tr. 9:25-10:1-3, Jun. 20, 2017, ECF No. 82.

1

The County Defendants filed their supplemental brief moving for summary judgment on Jose's claims, ECF No. 81, which Jose opposes, ECF No. 85.  For the reasons set forth below, the Court GRANTS Gonzales' motion and denies the County's motion.

## I.   FACTS AND PROCEDURAL BACKGROUND

At about 2:00 a.m. on June 2, 2013, security at Chukchansi Gold Casino called the Madera County Sheriff's Department regarding a disturbance.  Pls.' Resp. to Defs.' Statement of Undisputed Facts ("UF") #1, ECF No. 61-5.  Gonzales responded to the scene with Sergeant Larry Rich (another County officer) and two CHP officers.  UF #3.

Jose and the other plaintiffs were waiting outside in the casino's portico when the officers approached them.  UF ##7, 8. It is disputed whether Jose was intoxicated and what Jose and the officers said to each other.

After a couple of minutes of conversation, Rich arrested Jose.  UF #17.  Gonzales and Varner arrested Jose's brother Alfredo Lorenzo ("Alfredo") and took him to the ground.  UF ##20, 21.  While Gonzales and Varner were trying to handcuff Alfredo, Gretel Lorenzo ("Gretel"), Jose's daughter, approached them.  UF #22. Gonzales pushed Gretel away.  UF #24.  Gretel fell backward into Melinda Avila, knocking her down.  UF #24.  Avila went to the hospital via ambulance.  UF #26.  Jose, Gretel, and Alfredo were arrested, booked at the County jail, and released later that morning.  UF #27.

Jose brings five claims: (1) violation of California Civil Code § 52.1 ("the Bane Act"); (2) false arrest/imprisonment;

(3) intentional infliction of emotional distress ("IIED"); (4) negligent training and supervision; and (5) violation of federal constitutional rights pursuant to 42 U.S.C. § 1983. Third Amended Complaint at 6-18, ECF No. 22.  Jose voluntarily dismissed the fourth claim entirely and the fifth claim as brought against the County.  ECF No. 65.

The County Defendants moved for summary judgment against Jose on his IIED claim in their original motion for summary judgment.  See Mot. for Summ. J. at 13-14, ECF No. 52-1.  The Court granted the County Defendants' motion on Jose's IIED claim at the June 20, 2017 hearing.  Tr. 45:14-17.

The County Defendants now move for summary judgment on Jose's first, second, and fifth claims.  County Defs.' Supplemental Mot. for Summ. J. ("Supp. Mot.") at 1.

## II.   OPINION

### A.   First Claim: Bane Act

The Bane Act "creates a right of action against any person who interferes by threat, intimidation, or coercion with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States." Barragan v. City of Eureka, 2016 WL 4549130, *7 (N.D. Cal. Sept. 1, 2016) (quoting Cal. Civ. Code § 52.1(a)) (internal quotation marks omitted).  To succeed on a Bane Act claim, a plaintiff must show an underlying constitutional violation.  See May v. San Mateo Cty., No. 16-CV-00252-LB, 2017 WL 1374518, at *13 (N.D. Cal. Apr. 15, 2017); Mello v. Cty. of Sacramento, No. 2:14-CV-02618-KJM, 2015 WL 1039128, at *4 (E.D. Cal. Mar. 10,

2015). "Public entities may be vicariously liable for a violation of the Bane Act." Galindo v. City of San Mateo, No. 16-CV-03651-EMC, 2016 WL 7116927, at *6 (N.D. Cal. Dec. 7, 2016).

### 1. Bane Act Claim Against the County

The County argues Jose cannot succeed on his Bane Act claim because he cannot show a constitutional deprivation. Supp. Mot. at 3. Defendants argue Gonzales did not touch Jose nor deprive him of anything. Id.

Jose argues the County "interfered with Jose's state and federal statutory and constitutional rights" because "Rich violated Jose's constitutional right not to be arrested without probable cause." Opp'n at 4. Because the County can be held vicariously liable for Rich's actions, the issue the Court must address is whether there is a triable issue of fact that Rich violated Jose's constitutional rights. See Galindo, 2016 WL 7116927, at *6.

An arrest "without probable cause or other justification" violates the Fourth Amendment. Dubner v. City & Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001). Under Ninth Circuit law, "[p]robable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the suspect] had committed a crime." Peng v. Penghu, 335 F.3d 970, 976 (9th Cir. 2003) (quoting United States v. Buckner, 179 F.3d 834, 837 (9th Cir. 1999)) (alterations in original). "Probable cause does not require certainty." Fuller v. M.G. Jewelry, 950 F.2d 1437, 1455 (9th Cir. 1991). If an arresting

4

officer can provide "some evidence" of probable cause, the burden shifts to the plaintiff to show a lack of probable cause. Dubner, 266 F.3d at 965.

In response to Jose's argument that Rich violated his constitutional rights, the County argues that Jose does "not have any claims against the County of Madera alleging a constitutional violation" because Jose dismissed the § 1983 claim against the County. Reply at 1. But the fact that Jose dismissed his § 1983 claim against the County is not dispositive on his Bane Act claim because "California law, unlike section 1983 law under Monell, allows for vicarious liability." Peel v. Mateo, No. 15-CV-04694-JST, 2016 WL 463269, at *5 (N.D. Cal. Feb. 8, 2016).

The County does not make, let alone support with evidence, any argument that Rich had probable cause to arrest Jose in their supplemental motion for summary judgment. Evidence of such probable cause may exist in the depositions, but the Court "has no duty to search the record" for evidence on a summary judgment motion. Daloian v. Veneman, No. CV-F-04-5436 LJO, 2005 WL 2219270, at *4 (E.D. Cal. Sept. 9, 2005)

The County has failed to meet its burden to provide "some evidence" that Rich had probable cause to arrest Jose. Neither party has produced conclusive evidence to show whether Jose was intoxicated and "unable care for his own safety or the safety of others," as required by the statute Jose allegedly violated. See Cal. Penal Code § 647(f). Taking the facts in the light most favorable to Jose, Jose was not intoxicated to the extent that he could not care for his safety. The Court DENIES the

County's motion for summary judgment on Jose's Bane Act claim.

### 2. Bane Act Claim Against Gonzales

Rich, not Gonzales arrested Jose. UF #17. Jose therefore argues Gonzales "integrally participated" in Rich's allegedly unconstitutional arrest of Jose. Opp'n at 6. Jose argues "Gonzales was 'fundamentally involved' in the arrest of Jose in that he was moving in such a way to as to assist Varner[1] in Varner's arrest of Jose." Id.

Gonzales responds that Jose has previously argued Alfredo was not holding on to Jose. Reply at 2. Gonzales argues Jose has now "completely changed [his] version of the facts" to argue that Gonzales integrally participated in Rich's arrest of Jose. Id. Gonzales also argues that the Court has already ruled that Varner did not integrally participate in Jose's arrest and "there is no difference in the level of involvement of the two officers." Id.

The Court agrees with Gonzales. Jose has not cited to any factually similar cases where an officer who did not actually arrest an individual was found to "integrally participate" in that individual's arrest. Additionally, Jose makes only conclusory allegations that "Gonzales could have grabbed Jose's arm in that arrest, but instead he chose to remove Alfredo." Opp'n at 7. Jose does not cite to any evidence to support this allegation. Consistent with this Court's ruling as to Varner's lack of integral participation in Rich's arrest of Jose, the

---

[1] Jose writes here that *Varner* arrested him, but the undisputed facts indicate *Rich* arrested Jose. UF #17. The Court finds that Jose meant to argue that Gonzales was fundamentally involved in *Rich's* arrest of Jose.

1    Court finds Gonzales did not "integrally participate" in Jose's
2    arrest.  There is no triable issue of fact as to whether
3    Gonzales violated Jose's constitutional rights.  Because Jose
4    needs a constitutional violation to support his Bane Act claim,
5    Jose cannot proceed on a Bane Act claim against Gonzales.  The
6    Court therefore grants Gonzales' motion for summary judgment on
7    Jose's Bane Act claim.  Because Jose has not shown that Gonzales
8    violated his constitutional rights, Jose's § 1983 claim against
9    Gonzales also fails.  The Court also grants Gonzales' motion for
10   summary judgment on Jose's fifth claim.
11          B.   Second Claim: False Arrest
12       Under California law, false arrest and false imprisonment
13   are not different torts.  Martinez v. City of Los Angeles, 141
14   F.3d 1373, 1379 (9th Cir. 1998).  False arrest "is merely one
15   way of committing a false imprisonment." Id.  The elements of
16   false imprisonment are: (1) the nonconsensual, intentional
17   confinement of a person; (2) without lawful privilege; (3) for
18   an appreciable period of time, however brief.  Hernandez v. Cty.
19   of Marin, No. C 11-03085 JSW, 2012 WL 1207231, at *8 (N.D. Cal.
20   Apr. 11, 2012).  The "without lawful privilege" element refers
21   to whether the defendant had probable cause to arrest the
22   plaintiff.  Young v. Cty. of Los Angeles, 655 F.3d 1156, 1160-70
23   (9th Cir. 2011).  "Where an officer has probable cause to
24   arrest, he is not liable for false arrest."  Vago v. Cty. of Los
25   Angeles, No. CV1300868DMGRZX, 2015 WL 10945575, at *5 (C.D. Cal.
26   Jul. 10, 2015).
27               1.   False Arrest Claim Against the County
28       Jose makes the same argument he made against the County in

7

1  support of his Bane Act claim: the County is vicariously liable
2  for Rich's unlawful arrest of Jose.  Opp'n at 5.  Jose argues
3  Rich, who has been dismissed from this action, arrested him
4  without probable cause.  Id. at 6.  The County argues only that
5  Jose cannot succeed on a false arrest claim against *Gonzales*.
6  Supp. Mot. at 4, Reply at 2.  The County does not respond to
7  Jose's allegation that *Rich* arrested him without probable cause.
8  Again, because this is a California state law claim, and not a
9  § 1983 claim, the County can be vicariously liable for Rich's
10 actions.  See Cal. Gov't Code § 815.2; see also Said v. Cty. of
11 San Diego, No. 12-CV-2437-GPC-RBB, 2014 WL 231039, at *8 (S.D.
12 Cal. Jan. 21, 2014).
13     The Court finds that the County has not met its burden to
14 show that Rich arrested Jose with probable cause.  The Court
15 DENIES the County's motion for summary judgment on Jose's second
16 claim.
17              2.   False Arrest Claim Against Gonzales
18     Gonzales argues Jose "make[s] no argument and cannot allege
19 any facts to show that Deputy Gonzales intentionally confined
20 [him] at any time."  Supp. Mot. at 4.  Gonzalez is correct.
21 Jose thus concedes that summary judgment in favor of Gonzales is
22 proper on Jose's false arrest claim.  The Court grants Gonzales'
23 summary judgment motion as to Jose's second claim.
24 ///
25 ///
26 ///
27 ///
28 ///

III.   ORDER

For the reasons set forth above, the Court GRANTS Gonzales' motion for summary judgment on Jose's first, second, and fifth claims.  The Court DENIES the County's motion for summary judgment on Jose's first and second claims.

IT IS SO ORDERED.

Dated:   July 19, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE