UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA AVILA, GRETEL LORENZO, ALFREDO LORENZO, and JOSE LORENZO,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF CALIFORNIA; COUNTY OF MADERA; RICHARD GONZALES; PAUL VARNER; and DOES 3 through 100, inclusive,<br><br>Defendants. | 1:15-cv-00996-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER RE APPLICATION FOR RECONSIDERATION AND/OR CLARIFICATION**<br><br>(ECF No. 227) |

## I. INTRODUCTION

Plaintiffs Melinda Avila ("Avila"), Gretel Lorenzo ("Gretel"), Alfredo Lorenzo ("Alfredo"), and Jose Lorenzo ("Jose") (collectively, "Plaintiffs") bring this suit against Defendants California Highway Patrol ("CHP") (nominally the State of California), CHP Officer Paul Varner ("Varner"), County of Madera ("the County"), and Madera County Deputy Sheriff Richard Gonzales ("Gonzales"). This action arises out of an incident at the Chukchansi Gold Resort & Casino ("Casino") early in the morning on June 2, 2013. Trial is set for May 10, 2018.

Before the Court for decision is Plaintiffs' motion for reconsideration or clarification, ECF No. 227, of the Court's February 13, 2018, Order on the parties' 33 motions *in limine*, ECF No. 226. Plaintiffs seek reconsideration or clarification of two of the Court's rulings. County Defendants, ECF No. 229 ("County Defendants' Opp."), and State Defendants, ECF No. 230, each opposed. The Court granted permission to Plaintiffs to file a reply, ECF No. 231, which they did, ECF No. 232 ("Reply").

# II. ANALYSIS

**A.  Motion *In Limine* No. 10 Re: Admissibility Of Testimony Of Angela Hill, ADA, Regarding Filing Of Charges Or Running Of Statute Of Limitations (ECF No. 134)**

Plaintiffs move for reconsideration of the Court's ruling on Motion *in Limine* number 7, concerning the admissibility of testimony from Madera County assistant district attorney Angela Hill about why the County declined to file criminal charges against Plaintiffs. ECF No. 227.  The Court ruled that because testimony about whether criminal charges were filed is irrelevant to the jury's determination whether the arresting officers had probable cause to arrest Plaintiffs, any testimony concerning that decision would be excluded.  Plaintiffs now argue that because attorneys' fees incurred as a result of the wrongful arrest are recoverable under 1983, evidence concerning the criminal representation should be admitted for the limited purpose of proving damages.  Plaintiffs cite *Borunda v. Richmond*, 885 F.2d 1384 (9th Cir. 1988), a 1983 case for wrongful arrest where the defendant officers on appeal challenged the admission of evidence of attorneys' fees incurred in the prior criminal proceeding as prejudicial error.  The Ninth Circuit held that its admission was not an abuse of discretion.  "A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations."  885 F.2d at 1389.  The damages are generally calculated "according to general tort law principles applicable to the types of deprivations proved" and include "economic harm, pain and suffering, and mental and emotional distress that results from the violations."  *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-64 (1978)).  The plaintiffs' "expenditures for legal representation during the prior criminal proceeding most assuredly constitute economic harm.  The reasonable amount of these expenditures, if proved to the jury's satisfaction to be the consequence of appellants' illegal conduct, is recoverable as compensatory damages."  *Id*. at 1389-90 (citing *Kerr v. City of Chicago*, 424 F.2d 1134, 1141 (7th Cir. 1970) ("A plaintiff in a civil rights action should be allowed to recover the attorneys' fees in a state criminal action where the expenditure is a foreseeable result of the acts of the defendant.")).

Defendants attempt to distinguish the case on two grounds. First, both note that Plaintiffs here, unlike the plaintiffs in *Borunda*, saw no charges filed against them. Second, County Defendants assert that the *Borunda* court noted that investigating officers are often insulated from liability because prosecutors exercise independent judgment when determining whether probable cause exists for the arrest, a presumption rebutted by evidence that the investigating officers either omitted or misrepresented material facts in information given to the prosecutor. County Defendants' Opp. at 2 (citing *Borunda*, 885 F.2d at 1390). The *Borunda* court explained that where a prosecutor exercises independent judgment in deciding to file criminal charges, that independent action severs the chain of proximate causation leading to the expenditure of attorneys' fees. *Borunda*, 885 F.2d at 1390; *see also Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991) ("Reasonable attorney's fees incurred by the plaintiff can constitute part of the foreseeable economic damages, unless the prosecutor's decision to file charges is such an independent judgment that it must be considered the proximate cause of the subsequent criminal proceedings."); *Sloman v. Tadlock*, 21 F.3d 1462, 1474 (9th Cir. 1994) ("Attorneys' fees expended in defending a criminal prosecution are not recoverable from the arresting officers in a related § 1983 action if the prosecutor exercised independent judgment in deciding to prosecute."). Here, however, in the absence of the filing of criminal charges, there is no break in the chain of causation, and the fact that attorneys' fees were incurred is a "direct and foreseeable consequence of" the decision to arrest Plaintiffs. *Id*. Because there was no break in the chain of proximate causation, attorneys' fees incurred as a result of Defendants' decision to arrest Plaintiffs is a form of economic harm that Plaintiffs suffered as a result of the allegedly unconstitutional deprivation. Plaintiffs can recover reasonable attorneys' fees as damages if they can prove to the jury that they were a foreseeable result of the Defendants' action.

Plaintiffs urge that the Court permit evidence that the County did not file a criminal case "for the purpose of substantiating the propriety and appropriateness of" the fees incurred, so long as they are accompanied by a limiting instruction. Mot. at 6. The Ninth Circuit in *Borunda* found no abuse of

discretion in the trial court's decision to admit evidence of the plaintiffs' acquittals in the state criminal proceeding for the purpose of showing that they incurred damages and that the fees charged "were reasonable in light of the success achieved." 885 F.3d at 1388. The court nonetheless warned that it "would have been inclined to exclude the evidence of acquittals altogether," given that an acquittal "is far removed" from establishing whether the arresting officers had probable cause to make an arrest, *id*. at 1389, and the potential for undue prejudice was "not insubstantial," *id*. at 1388. It warned that admission of evidence of this nature "under certain, if not totally dissimilar, circumstances constitute an abuse of discretion. At the very least, a trial court must exercise great care in formulating appropriate limiting instructions if it chooses to venture forth into this hazardous area." *Id*. at 1389. Plaintiffs profess concern that not admitting the outcome of the criminal case "would potentially be very prejudicial to plaintiffs" because the jury would be left to speculate about what happened. Mot. at 6. In reply, Plaintiffs state that they are amenable to an instruction that the criminal case did not proceed, that Plaintiffs incurred $9000 in attorneys' fees,[1] and that the issue has no bearing on the issue of probable cause. Cornwell Dec. ¶ 6.

Should the Plaintiffs prevail on liability, the attorneys' fees that emanate from the allegedly unconstitutional arrest are recoverable if they are necessary and reasonable. The Defendants have an election to make. One, if they agree that the $9000 figure is reasonable, then the Plaintiffs will be limited to stating that the $9000 was incurred as a result of the arrest. Second, if the Defendants are disputing reasonableness, then it will be the Plaintiffs' burden to prove reasonableness and clearly the issue that the Defendants are trying to preclude from presentation before the jury will need to be exposed. Defendants have five Court days to make the election in writing.

---

[1] The parties signal disagreement over the reasonableness of this amount of money. County Defendants seek to distinguish the matter here from *Borunda* because the Plaintiffs here paid two attorneys $9000 "to represent them in a criminal action that never took place." County Defendants' Opp. at 2-3. Plaintiffs state that one of the attorneys interviewed witnesses, performed preliminary legal research concerning how to issue subpoenas for security video, among other things, in addition to driving to the Bass Lake courthouse for Plaintiffs' anticipated arraignment. Cornwell Dec. ¶ 3. These are fact issues going to the reasonableness of the fees and do not make the fees *per se* unrecoverable.

4

**B.**     **Motion *In Limine* No. 10 Re: California Penal Code § 841 (ECF No. 119)**

Plaintiffs argue that the Defendants were on notice of their claims with respect to California Penal Code §841 and that the Court should not exclude reference to it.

It does not appear that either side is contesting whether arrests were made. Instead, what is being contested by the Plaintiffs is what, if anything, was conveyed to them to notify them that they were being arrested. Under federal law, there is no requirement that specific statutory language be used to place somebody under arrest. The Court finds that California Penal Code § 841 and its requirements are irrelevant to the pending litigation in federal court. This does not preclude the Plaintiffs from arguing a lack of notice to the Plaintiffs that they were being arrested if the evidence bears that out. The Code section itself is not relevant.

### III. CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration (ECF No. 227) is decided as follows:

1. Plaintiffs will be permitted to recover reasonable and necessary attorneys' fees incurred as a result of the allegedly wrongful arrests, should the jury so find, and Defendants have five (5) days to inform the Court whether they will contest at trial the reasonableness of the $9000 in fees that Plaintiffs claim;
2. Plaintiffs will not be permitted to reference California Penal Code § 841, though they are not precluded from introducing evidence about or from arguing that the Plaintiffs were unaware that they were being arrested if such evidence is presented.

IT IS SO ORDERED.

Dated:  **April 12, 2018**                    **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES CHIEF DISTRICT JUDGE